UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT GATDULA and DEAN
RAMIREZ, individually and on
behalf of others similarly
situated,

       Plaintiffs,

  v.

CRST INTERNATIONAL, INC.;
CRST, INC.; CRST VAN
EXPEDITED, INC. and DOES 1
through 10,

       Defendants.

_____/

NO. CIV. 2:10-58 WBS CMK

MEMORANDUM AND ORDER RE:
MOTION TO TRANSFER

----oo0oo----

     Plaintiffs Robert Gatdula and Dean Ramirez,
individually and on behalf of others similarly situated, brought
this action against defendants CRST Van Expedited, Inc. ("CRST"),
CRST International, Inc., and CRST, Inc., arising from
defendants' alleged failure to compensate employee truck drivers
in accordance with federal and state law.  Plaintiffs now move to
transfer this action to the Central District of California, where

1

1    two other actions against CRST are pending, pursuant to 28 U.S.C.

2    § 1404(a).

3    I.   Factual and Procedural Background

4         A.   Instant Action

5              Plaintiffs, former CRST truck drivers whose home

6    terminal was Fontana, California, filed this action on January 7,

7    2010, asserting one federal claim and nine state law claims

8    against CRST, an Iowa corporation with its principal place of

9    business in Iowa.  (Compl. (Docket No. 22).)  Plaintiffs' federal

10   claim is for failure to pay minimum wages in violation of 29

11   U.S.C. § 206 as a collection action pursuant to 29 U.S.C. §

12   216(b), and is brought on behalf of themselves as well as CRST's

13   truck drivers who had a home terminal or drop location anywhere

14   in the United States within three years before the filing of the

15   Complaint (first claim).  Plaintiffs' state law claims[1] are

16   brought on behalf of themselves and as a class action pursuant to

17   Federal Rule of Civil Procedure 23, with the class defined as

18   CRST's truck drivers who were employed by CRST within four years

19   since the filing of the Complaint and had a home terminal or drop

20   location anywhere in California ("California Truck Drivers

21

22        [1]   Plaintiffs originally brought nine state law claims:
     failure to pay minimum wages in violation of California law
23   (second claim), failure to provide meal periods (third claim),
     failure to provide rest periods (fourth claim), failure to pay
24   all wages each period (fifth claim), failure to provide accurate
     wage statements (sixth claim), forfeiture of vacation pay in
25   violation of California Labor Code section 227.3 (seventh claim),
     failure to pay all wages upon termination in violation of
26   California Labor Code section 201 or 202 (eighth claim), failure
     to indemnify for business expenses in violation of California
27   Labor Code section 2802 (ninth claim), and violation of
     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.
28   Code §§ 17200-17210 (tenth claim).

                                   2

1   Class") and CRST's California-based truck drivers who were
2   terminated by CRST in the last four years ("Former California
3   Truck Drivers Class").

4           On March 12, 2010, the court dismissed the claims
5   against CRST International, Inc., and CRST, Inc., following a
6   stipulation of the parties. (Docket Nos. 20-21.)  The court also
7   stayed this action following the stipulation because of pending
8   motions for class certification in two actions in the Central
9   District and CRST's pending motion for partial summary judgment
10  in one of those actions.  (Id.)  On November 24, 2010, following
11  class certification in Cole v. CRST Van Expedited, Inc., No.
12  5:08-cv-01570 (C.D. Cal. Aug. 5, 2010), and in accordance with
13  the parties' stipulation (Docket No. 22), the court lifted the
14  stay and dismissed five of plaintiffs' state law claims, claims
15  two through six.  (Docket No. 23.)  The stipulation described the
16  dismissed claims as "overlap[ping]" with the state law claims
17  asserted in Cole.

18      B.   Central District of California Actions

19          The Cole plaintiff, whose action was removed to the
20  Central District on November 5, 2008, asserts state law claims
21  against CRST for (1) failure to provide rest and meal periods or
22  compensation in lieu thereof in violation of California Labor
23  Code section 226.7 and Industrial Welfare Commission ("IWC") Wage
24  Order 9, (2) failure to timely pay wages due at termination in
25  violation of California Labor Code sections 201, 202, and 203,
26  (3) violation of the UCL, (4) failure to pay minimum wages in
27  violation of California Labor Code sections 1194, 1197, and IWC
28  Wage Order 9, (5) knowing and intentional failure to comply with

3

1  itemized employee wage statement provisions in violation of

2  California Labor Code sections 226(b), 1174, and 1175, and (6)

3  penalties under California Labor Code Private Attorney Generals

4  Act, Cal. Lab. Code § 2698, <u>et seq.</u>

5          On August 5, 2010, Judge Virginia A. Phillips denied

6  CRST's motion for partial summary judgment in the <u>Cole</u> case and

7  granted the plaintiff's motion to certify a class of all of

8  CRST's California-based drivers who are employed or were employed

9  by CRST in California within four years since the filing of the

10  original complaint and through the present.  Subclasses were also

11  certified: (1) rest period class, (2) meal period class, (3)

12  minimum wage class, (4) California Labor Code section 226

13  (itemized wage statements) class, and (5) California Labor Code

14  section 203 (wages at termination) class.  The <u>Cole</u> action has

15  been stayed pending a decision by the California Supreme Court

16  that may relate to the plaintiff's meal and rest period claims,

17  <u>Brinker Restaurant Corp. v. Super. Ct.</u>, 80 Cal. Rptr. 3d 781 (4th

18  Dist. 2008), <u>rev. granted</u>, 85 Cal. Rptr. 3d 688 (Cal. Oct. 22,

19  2008).

20          <u>Morrison v. CRST Van Expedited, Inc.</u>, No. 2:09-cv-05638

21  (C.D. Cal.), which was removed to the Central District on July

22  31, 2009, was transferred to Judge Phillips because it was

23  related to <u>Cole</u>.  The claims asserted in <u>Morrison</u> largely overlap

24  with the claims asserted in <u>Cole</u>.  The only unique claim in

25  <u>Morrison</u> is the failure to pay "promised and stated piece-rate"

26  in violation of California Labor Code sections 222 and 223.  The

27  two unique claims in <u>Cole</u> are (1) failure to provide rest and

28  meal breaks or compensation in lieu thereof and (2) failure to

4

1  provide accurate itemized wage statements.  Judge Phillips denied

2  the motion for class certification in <u>Morrison</u> based on the

3  first-to-file rule, holding that the <u>Morrison</u> plaintiffs'

4  additional piece-rate theory rested on the same factual

5  allegations as <u>Cole</u> and the central question in both cases is

6  whether the class was entitled to all compensation for all hours

7  worked.

8  II.  <u>Discussion</u>

9          "For the convenience of parties and witnesses, in the

10  interest of justice, a district court may transfer any civil

11  action to any other district or division where it might have been

12  brought."[2]  28 U.S.C. § 1404(a).  A plaintiff or a defendant may

13  bring a motion, although some courts require a plaintiff to show

14  that circumstances have changed since the action was filed.  <u>See</u>

15  <u>generally</u> 17 James Wm. Moore et al., <u>Moore's Federal Practice</u> §

16  116.16[1] (3d ed. 2010) (discussing split among lower courts and

17  citing cases).[3]

18          Under § 1404(a), a court "has discretion 'to adjudicate

19  motions for transfer according to an individualized, case-by-case

20  consideration of convenience and fairness.'"  <u>Jones v. GNC</u>

21  <u>Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000) (quoting

22

23          [2]    CRST Van Expedited, Inc. ("CRST"), has not argued that
   plaintiffs could not have brought this action in the Central
24  District of California.

25          [3]    Although the court declines to place this additional
   burden on plaintiffs, the court observes that at least one
26  Eastern District court has noted this requirement.  <u>See</u> <u>Cox v.</u>
   <u>Ashcroft</u>, No. CV-F-05-149 OWW GSA, 2008 WL 802314, at *1 (E.D.
27  Cal. March 25, 2008) ("For a plaintiff to prevail on such a
   motion, however, he must show that there has been a change of
28  circumstances since the suit was filed that warrants transfer.").

1    <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).  A motion

2    to transfer requires a court to weigh multiple factors to

3    determine whether transfer is appropriate.  <u>Id.</u>  To undertake

4    this analysis of "convenience" and the "interest of justice," the

5    factors that a district court may consider include the

6    plaintiff's choice of forum, the contacts relating to the

7    plaintiff's cause of action in the chosen forum, the convenience

8    of witnesses, and the ease of access to sources of proof.[4]  <u>Id.</u>

9    at 498-99.  "No single factor is dispositive and a district court

10   has broad discretion to adjudicate motions for transfer on a

11   case-by-case basis."  <u>Ctr. for Biological Diversity v.</u>

12   <u>Kempthorne</u>, No. 08-1339, 2008 WL 4543043, at *2 (N.D. Cal. Oct.

13   10, 2008) (citing <u>Stewart</u>, 487 U.S. at 29; <u>Sparling v. Hoffman</u>

14   <u>Constr. Co.</u>, 864 F.2d 635, 639 (9th Cir. 1988)).

15           The interest of justice can be decisive.  <u>Am. Canine</u>

16   <u>Found. v. Sun</u>, No. CIV. S-06-654 LKK DAD, 2006 WL 2092614, at *3

17   (E.D. Cal. July 27, 2006).  "An important consideration in

18   determining whether the interests of justice dictate a transfer

19   of venue is the pendency of a related case in the transferee

20   forum."  <u>Id.</u> (citing <u>A.J. Indus., Inc. v. U.S. Dist. Ct. for the</u>

21   <u>Cent. Dist. of Cal.</u>, 503 F.2d 384, 389 (9th Cir. 1974)); <u>see</u>

22   <u>Williams v. Bowman</u>, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)

23   (listing "feasibility of consolidation of other claims" as a

24

25          [4]    Other factors considered by courts include the location
     where relevant agreements were negotiated and executed, the state
26   that is most familiar with the governing law, the differences in
     the costs of litigation in the two forums, the availability of
27   compulsory process to compel attendance of unwilling non-party
     witnesses, the presence of a forum selection clause, and the
28   relevant public policy of the forum state.  <u>Jones v. GNC</u>
     <u>Franchising, Inc.</u>, 211 F.3d 495, 498-99 (9th Cir. 2000).

1    factor relevant to the "interest of justice").  The Supreme Court

2    and the Ninth Circuit have long recognized that "[t]o permit a

3    situation in which two cases involving precisely the same issues

4    are simultaneously pending in different District Courts leads to

5    the wastefulness of time, energy and money that § 1404(a) was

6    designed to prevent."  Cont'l Grain Co. v. The FBL-585, 364 U.S.

7    19, 26 (1960); see A.J. Indus., 503 F.2d at 389 ("[T]he pendency

8    of an action in another district is important because of the

9    positive effects it might have in possible consolidation of

10   discovery and convenience to witnesses and parties.").

11   Litigation of related claims in the same court is strongly

12   favored because it facilitates pre-trial proceedings and

13   discovery and avoids duplicative litigation and inconsistent

14   results.  Wiley v. Trendwest Resorts, Inc., No. C 04-4321, 2005

15   WL 1910934, at *3 (N.D. Cal. Aug. 10, 2005).

16        Here, preventing inconsistent rulings by two district

17   courts considering the same issues weighs heavily in favor of

18   transfer.  The federal claim for minimum wages in this action and

19   the state law claims for minimum wages in the Central District

20   actions involve the calculation of pay.  In all three actions

21   against CRST, a judge must decide the factual issue of how CRST

22   paid its employees and the legal issue of whether that was

23   sufficient.

24        Judicial economy also weighs heavily in favor of

25   transfer.  "Judicial resources are conserved when an action is

26   adjudicated by a court that has already 'committed judicial

27   resources to the contested issues and is familiar with the facts

28   of the case.'"  Madani v. Shell Oil Co., No. C07-04296, 2008 WL

268986, at *2 (N.D. Cal. Jan. 30, 2008) (quoting <u>Samsung Elecs.</u> <u>Co., Ltd. v. Rambus, Inc.</u>, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005)).  Judge Phillips has already decided motions for class certification and partial summary judgment and has become familiar with the facts of these cases.  In particular, Judge Phillips is familiar with CRST's uniform compensation system, on which plaintiffs' base their federal claim for minimum wages. Accordingly, because judicial economy and the need to avoid inconsistent rulings weigh heavily in favor of transfer, the court will grant plaintiffs' motion to transfer this action to the Central District of California.

IT IS THEREFORE ORDERED that plaintiffs' motion to transfer this action to the Central District of California be, and the same hereby is, GRANTED.

DATED:  February 7, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8